UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PIETRO ABIUSO,

       Plaintiff,

 -against-

PATRICK R. DONAHOE, Postmaster General,
United States Postal Service,
(Northeast Area) Agency,

       Defendant.
----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 31 2014 ★

LONG ISLAND OFFICE

ORDER
12-CV-1713 (JFB)(ETB)

JOSEPH F. BIANCO, District Judge:

On April 4, 2012, *pro se* plaintiff Pietro Abiuso ("plaintiff") commenced this action against defendant Patrick R. Donahue, Postmaster General, United States Postal Service, Northeast Area Agency ("defendant"). On May 31, 2013, defendant moved to dismiss the complaint or, in the alternative, for summary judgment.

On February 11, 2014, Magistrate Judge Tomlinson issued a Report and Recommendation ("R&R") concluding that defendant's motion to dismiss should be granted. Specifically, the R&R recommended the following: (1) plaintiff's claims of national origin discrimination and retaliation set forth in his first four agency complaints (claims 4A-117-0024-09, 4A-117-0062-09, 4B-117-0036-10, and 4B-117-0070-10) should be dismissed with prejudice because plaintiff failed to timely file any federal court actions within ninety days of the agency's final decision on those claims; (2) plaintiff's claims alleging the failure to hire or accommodate him, in violation of the ADA and ADEA, should be dismissed with prejudice because plaintiff never asserted those claims before the EEOC; and (3) plaintiff's remaining claims of national origin discrimination and retaliation relating to plaintiff's unemployment hearing fail to state a claim upon which relief can be granted, and should be dismissed without prejudice and with leave to amend. The R&R states that

"the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections," and that the "[f]ailure to file objections will result in a waiver of those objections for purposes of appeal." (R&R at 15.) By letter dated February 18, 2014, plaintiff requested a sixty-day extension of time to file objections to the R&R. Plaintiff explained that he was out of the country and did not have the necessary paperwork to respond to the R&R's recommendations. This Court granted plaintiff an additional twenty-eight days to file objections. To date, although the deadline for objections has expired, no objections have been filed.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). When a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). Where clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure

timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). However, because the failure to file timely objections is not jurisdictional, the district judge can still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although no objections have been filed and, thus, *de novo* review is not required, the Court, in an abundance of caution, has conducted a *de novo* review of the R&R and HEREBY ADOPTS the well-reasoned and thorough R&R in its entirety. Accordingly, IT IS HEREBY ORDERED that defendant's motion to dismiss the complaint is granted for the reasons articulated by Magistrate Judge Tomlinson. In particular,

> (1) plaintiff's claims of national origin discrimination and retaliation set forth in his first four agency complaints (claims 4A-117-0024-09, 4A-117-0062-09, 4B-117-0036-10, and 4B-117-0070-10) are dismissed with prejudice;
>
> (2) plaintiff's claims alleging the failure to hire or accommodate him, in violation of the ADA and ADEA, are dismissed with prejudice; and
>
> (3) plaintiff's remaining claims of national origin discrimination and retaliation relating to plaintiff's unemployment hearing are dismissed without prejudice and with leave to re-plead these allegations in an amended complaint. Plaintiff shall have thirty (30) days from the date of this Order to submit an amended complaint. **Failure to file the amended complaint within thirty (30) days shall result in dismissal with prejudice for failure to prosecute.**

SO ORDERED.

s/ Joseph F. Bianco

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2014
Central Islip, New York