# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

―――――――――――――

№ 12-CV-1713 (JFB)(AKT)

―――――――――――――

PIETRO ABIUSO,

Plaintiff,

VERSUS

PATRICK R. DONAHOE, Postmaster General, United States Postal Service,

Defendant.

―――――――――――――

**MEMORANDUM AND ORDER**
June 3, 2015

―――――――――――――

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Pietro Abiuso ("Abiuso" or "plaintiff") brings this action against defendant Patrick R. Donahoe ("defendant"), Postmaster General, United States Postal Service ("USPS"), alleging violations of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). Plaintiff, a former employee at the USPS, claims that after he was terminated, USPS officials discriminated against him on the basis of national origin and retaliated against him for complaining about the discrimination by testifying unfavorably at two of plaintiff's unemployment hearings.

The Court previously dismissed these claims along with several other claims for discrimination and retaliation, but allowed plaintiff leave to replead his claims with respect to the USPS officials' alleged testimony at the July 6, 2010 and October 20, 2010 hearings. Plaintiff filed an amended complaint, and defendant now moves again to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that, even after repleading, plaintiff fails to allege plausible discrimination or retaliation claims. For the following reasons, the Court agrees and grants the motion in its entirety.

I. BACKGROUND

A. Factual Background

The following facts are taken from the amended complaint and from the parties' submissions. For purposes of this motion, the court also assumes familiarity with Magistrate Judge Tomlinson's Report and Recommendations ("R&R"), issued on February 11, 2014, and this Court's Memorandum and Order adopting the R&R, issued on March 31, 2014 (the "March 31 Order"). As Magistrate Judge Tomlinson noted in her R&R, it is difficult to determine the factual specifics of plaintiff's claims

1

from the face of his complaint, but plaintiff's and defendant's submissions in connection with the motion provide some insight. The Court assumes these facts to be true for purposes of deciding this motion and construes them in the light most favorable to plaintiff, the non-moving party.

In the March 31 Order, the Court dismissed all of plaintiff's federal claims, but allowed plaintiff to replead his claims of national origin discrimination and retaliation relating to the USPS officials' alleged testimony at his unemployment hearings. Thus, the brief factual background set forth below will only discuss plaintiff's allegations regarding these claims.

Plaintiff, who is of Italian national origin, was employed as a customer service analyst with the USPS until he went on disability retirement around 2009 after suffering a stroke. (Am. Compl. at 6.) Defendant submits that, since 2009, plaintiff has contacted the Postal Service's Equal Employment Opportunity ("EEO") office six times. (*See* Declaration of Eriberto Cedeño, dated March 11, 2013, ECF No. 47 (the "Cedeño Decl."), Exs. A-H.) Plaintiff's four initial complaints either settled or were closed without further action by plaintiff. (*Id.*)

As Magistrate Judge Tomlinson summarized in her R&R with respect to plaintiff's initial complaint:

> Plaintiff's two most recent EEOC claims (claim numbers 4B-117-0003-11 and 4B-117-0099-10) were filed on December 20, 2010 and January 4, 2011 respectively. Cedeño Decl., Exs. D, E. Under claim number 4B-117-0099-10, Plaintiff alleged discrimination based on national origin (Italian) and retaliation for his prior EEO activity. Cedeño Decl., Ex. D. The basis for Plaintiff's retaliation claim is the allegation that four of the Postal Service's management officials testified at Plaintiff's unemployment hearing before the New York State Department of Labor on July 6, 2010. *Id.* Plaintiff alleges that these officials testified in retaliation for Plaintiff's prior EEO complaints. *Id.* With respect to claim number 4B-117-0003-11, Plaintiff similarly alleges retaliation when Postal Service management officers allegedly testified falsely to discredit him before the administrative law judge at a subsequent unemployment hearing on October 20, 2010. Cedeño Decl., Ex. E. On January 6, 2012, OFO issued its decision affirming the Postal Service's dismissal of these claims. *See* Compl., Ex. A.

(R&R at 5-6.) Plaintiff now further alleges that "The USPS tried to stop me to get disability, unemployment with lies and paperwork against the law, which I have saved. I'm attaching only one of some paperwork I have saved to show the Court the discrimination I was put through." (Am. Compl. at 7.) Plaintiff attached to his complaint as Attachment 3 an appeal letter he wrote to the EEO complaining that the EEO analyst who denied claim 4B-117-0003-11 was unjust and biased in her review of his complaints. (*Id.* at 8-11.)[1]

---

[1] The Court also notes that plaintiff attached several documents to his opposition to the motion to dismiss. (*See* Pl.'s Opp., ECF No. 77.)

2

B. Procedural Background

Plaintiff filed the complaint on April 4, 2012. Defendant moved to dismiss or, in the alternative, for summary judgment on May 31, 2013. Plaintiff opposed on June 26, 2013. Defendant replied on August 28, 2013. The Court referred the motion to Magistrate Judge Tomlinson for an R&R on October 16, 2013. The R&R was issued on February 11, 2014, and the Court issued its Memorandum and Order adopting the R&R on March 31, 2014, dismissing the complaint but allowing plaintiff leave to replead the specified national origin discrimination and retaliation claims.

Plaintiff filed his amended complaint on April 23, 2014. Defendant moved to dismiss on October 1, 2014. Plaintiff opposed on October 20, 2014. Defendant replied on November 4, 2014. The matter is fully submitted, and the Court has fully considered the submissions of the parties.

II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662 (2009). The Supreme Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679 (explaining that though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting and citing *Twombly*, 550 U.S. at 556-57 (internal citation omitted)).

"Courts are obligated to construe the pleadings of a *pro se* plaintiff liberally." *McCluskey v. N.Y. State Unified Ct. Sys.*, No. 10-CV-2144 (JFB)(ETB), 2010 WL 2558624, at *2 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). However, a *pro se* plaintiff's complaint must still "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (summary order) (citing *Iqbal*, 556 U.S. at 678); *see also Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

3

In adjudicating a motion to dismiss, the Court may consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003).

III. DISCUSSION

Defendant moves to dismiss the amended complaint, arguing that, despite the opportunity to replead, plaintiff still fails to provide any factual allegations to support the legal conclusions for his claims of national origin discrimination and retaliation. Plaintiff responds that he is "complying with plausible requirements, with factual objective contents that will allow the court to draw the reasonable inference that the defendant is indeed liable for the misconduct." (Pl.'s Opp. at 1.)

To establish a *prima facie* claim for discrimination under Title VII, a plaintiff must show "that '(1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to [an] inference of discrimination.'" *Reynolds v. Barrett*, 685 F.3d 193, 202 (2d Cir. 2012) (quoting *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491-92 (2d Cir. 2010)). Similarly, to establish a *prima facie* case for retaliation under Title VII, "an employee must show that (1) she was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012) (citations omitted).

The claims remaining in this case were dismissed in the March 31 Order because plaintiff provided no factual allegations to support his legal conclusions that defendant discriminated and retaliated against him through the alleged testimony of the USPS employees at plaintiff's unemployment hearings. Plaintiff's amended complaint, however, contains no further factual allegations—plaintiff merely restates, in a conclusory fashion, that defendant and the USPS employees conspired to keep him from obtaining disability and unemployment benefits "with lies and paperwork against the law." (Am. Compl. at 7.) The document plaintiff attached to his amended complaint—a letter to the EEO written by plaintiff to complain that the EEO service analyst who dismissed his January 4, 2011 claim was "unjust, rushed, inaccurate and biased," and possibly "part of this ongoing discrimination against myself and my family" (*see id.* at 10)—has no relevance to the claims against defendant at issue here. Plaintiff also attached several more documents to his response in opposition. (*See* Pl.'s Opp., ECF No. 77.) Even considering these documents as integral to the complaint, despite their not having been attached to the pleading, there is no additional factual support for plaintiff's claims to be found therein. The documents—which include plaintiff's performance evaluations by his supervisors at the USPS, his USPS absence analysis, his medical reports, and correspondence related to one of his early EEO complaints—have

4

no relation whatsoever to the claims at issue in this motion, which solely involve alleged conduct at plaintiff's unemployment hearings.[2] Indeed, plaintiff's pleading is bereft of any sort of particularized, non-conclusory allegations with respect to these claims, lacking any factual allegations as to the hearings, the alleged false testimony, or the alleged discriminatory or retaliatory motive behind it.

Because plaintiff has again failed to adequately plead his claims under Title VII, defendant's motion to dismiss is granted.

## C. Leave to Amend

Although plaintiff has not requested leave to replead his amended complaint, the Court has considered whether he should again be afforded an opportunity to replead his claims. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that, where plaintiff proceeds *pro se*, "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated" (internal citations and quotation marks omitted)). Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

Plaintiff has already been given an opportunity to replead his claims with respect to the unemployment hearings, and Magistrate Judge Tomlinson in her R&R gave plaintiff specific instructions as to the deficiencies that needed to be corrected. (ECF No. 56 at 13-15.) Plaintiff has since

---

[2] Plaintiff also asserted in his opposition to the motion to dismiss, apparently in response to a statement in defendant's motion about plaintiff's apparent allegation that USPS employees testified falsely against him at the October 20, 2010 unemployment hearing, that: "I never said that management testify falsely as stated to defendant attorney. I said that at the meeting, there were people that were not supposed to be there, people that were not aware of my unemployment case, including my former supervisor James Steigele that cause me to have a stroke on the job. I always claimed that Mr. Steigele was brought in on the unemployment hearing to cause me more damage mentally and physically, which they succeed it anyway. Which that was not the case on my first EEO. Exhibit, page 1, shows that indeed Mr. Steigele was not present to discuss my EEO meeting because Mr. Mirro was there in Mr. Steigele's place due to my Doctor request, that the presence of Mr. Steigele, would have given me another stroke. Request honored by Mr. Mirro. But when the unemployment went on, for retaliation of my previous EEO against MR. Mirro and Mr. Steigele, my Doctor request was not honored and Mr. Steigele showed up at the hearing even though he was not supposed to be there. . . . Mr. Steigele was brought to the unemployment meeting with the sole purpose to maliciously inflict me emotional and physical harm which he succeeded to do so. In fact that day during the meeting with the unemployment judge, together with the USPS delegation, including Mr. Steigele, I had to leave the room in emergency and take medication in order for me to avoid another stroke." (Pl.'s Opp., ECF No. 77, at 1-2.) Not only were these statements not contained in plaintiff's amended complaint, they appear to state that plaintiff's claims are entirely premised on his former supervisor's mere undesired presence at the hearings, rather than testimony or statements to the unemployment hearing officer designed to keep plaintiff from obtaining benefits. If these statements do indeed reflect plaintiff's intended basis for his claims, it would not affect the Court's decision, because the alleged presence of Mr. Steigele at the hearing cannot support a plausible claim of discrimination or retaliation under Title VII.

5

amended the complaint, and has submitted an opposition memorandum/affidavit that the Court has considered as well, and he has still failed to allege a plausible claim against the defendant. Under these circumstances, the Court declines to grant plaintiff yet another opportunity to replead. *See De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 72 (2d Cir. 1996) (noting that the Second Circuit has "upheld decisions to dismiss a complaint without leave to replead when a party has been given ample prior opportunity to allege a claim") (citing *Armstrong v. McAlpin*, 699 F.2d 79, 93-94 (2d Cir. 1983) ("Because the complaint whose allegations were being considered by the district court was plaintiffs' second amended complaint, the district court did not abuse its discretion in refusing to give plaintiffs a fourth attempt to plead.")); *Iwachiw v. New York City Bd. of Educ.*, No. 00-CV-2341 (JFB)(WDW), 2007 WL 433401 (E.D.N.Y. Feb. 5, 2007) (same). Accordingly, leave to replead is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court grants defendant's motion and dismisses the amended complaint in its entirety with prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. The Clerk of the Court shall close this case and enter judgment accordingly.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: June 3, 2015
Central Islip, NY

\*\*\*

Plaintiff proceeds *pro se*. Defendant is represented by Robert Kambic and Thomas McFarland, U.S. Attorney's Office for the Eastern District of New York, 610 Federal Plaza, Central Islip, NY 11722.